## Case No. 11,786.

### RICHARDSON v. LOCKWOOD.

[4 Cliff. 128.][1]

Circuit Court, D. Massachusetts. May Term. 1870.

PATENTS—RE-ISSUE—FORMER JUDGMENT—PARTIES —SUPREME COURT DECISION.

1. Where the amended specification and new claim only secure to the applicant what he had originally described, the re-issue is valid.

2. Where the adjudication is upon the same title. a former judgment, if regularly pleaded, is often a bar to the second suit, though some of the parties may be different.

3. The decisions of the supreme court are authority in this court, although none of the parties are the same as in the prior determination.

4. Where some additional evidence was introduced into a case in this court, to what was in a case previously determined in the supreme court upon the same patents, held, if not of a character to affect the legal rights of the parties, then the decision of the supreme court is binding here.

[This was a bill in equity by Francis B. Richardson against Hamilton D. Lockwood for the infringement of letters patent No. 28,-196, granted to F. B. & B. L. Richardson, May 8, 1860.]

Boutwell & French, for complainant.
Causten Browne and B. R. Curtis, for respondent.

CLIFFORD, Circuit Justice. Letters-patent were granted to the complainant and one Byron L. Richardson, on May 8, 1860, for a new and useful improvement in enema syringes, and the pleadings and proofs showed that the complainant held the entire legal title to the patented invention. This suit was for an alleged infringement of the letters-patent, and complainant prayed for an account and for an injunction. Due service having been made, the respondent appeared and filed an answer, setting up several defences. He admitted that the letters-patent described in the bill of complaint were granted as alleged, but he denied that the patentees, or either of them, were the original and first inventors of the improvement. On the contrary, he alleged, in substance and effect, that the improvement in question was previously invented by Charles H. and Herman E. Davidson. They invented, as the answer alleged, not only the double-necked syringe with two flexible tubes connected with the elastic bulb at opposite points, but also the syringe known as the "single-necked syringe," with two flexible tubes connected with the elastic bulb at the same point, with two separate valve chambers and with a threefold device, called a "three-way piece," for connecting the elastic bulb and flexible tubes. Although, as the respondent alleged, they invented both descriptions of syringes, still, he admitted, in the answer, that the alleged inventors did not make their claim in

---

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

their original patent sufficiently comprehensive to include the single-necked syringe, that the omission to make such description and claim was occasioned by mistake on their part, and also on the part of the commissioner, both the inventor and commissioner supposing that the two syringes were substantially the same, and that the description and claim were sufficient to protect both inventions. Such having been the views of the commissioner, he rejected the application, because, as he supposed at the time, the thing invented had previously been described in a certain published work which showed that the applicants were not the original and first inventors of what was described in the application and specification. Influenced by that view, the commissioner required them to change their claim, and they accepted a patent limiting their invention and claim to a "combination of the prolate spheroidal shaped elastic sac, with flexible tubes terminating in valve boxes containing valves arranged for the purpose of eduction and ejection when the sac, tubes, and valve boxes are in, or nearly in the same axial line, the whole operating substantially in the manner and for the purpose set forth."

Their claim as first made was much restricted, being for "the combination of an elastic sac with flexible tubes, terminating with suitable valve cases and valves, the whole operating substantially in the manner and for the purposes" described in the specification. Necessity compelled them to submit to the decision of the commissioner, and they accepted the patent with the restricted claim. That patent bore date March 31, 1857, and it was not pretended by the complainant that the invention secured in his patent, superseded what is therein described and patented. Complainant's patent bore date May 8, 1860, and the specification gave a full description of the invention which need not be reproduced, as it is given with sufficient fullness in the case of Morey v. Lockwood, 8 Wall. [75 U. S.] 230, to which reference is made. Attempt is made in the specification to show that the invention is different from that of the Davidson patent, and no doubt is entertained that it is so, if the patent held by the respondent is limited to the claim set forth in the original patent; for it is undoubtedly true, as stated by the supreme court in the case referred to, that while the original specification and claim remained, it was competent for any one to evade the patent, and enjoy the substance of the improvement by a change in the mere form of the construction, that is, by an arrangement of the several parts in any form, if not in an axial or straight line. Argument in support of that proposition is unnecessary, as it is quite obvious from the language employed in the claim. But the specification and claim did not remain without very material amendment as expressed by the supreme court. Subsequent to the time when the respondent became the assignee and owner of the Davidson patent, he discovered the mistake which had been made by the commissioner, that the invention had not been described in any published work, prior to the time when it was made, and that the decision of the commissioner, requiring the inventors to limit their claim, as it appears in the original patent, was erroneous. Application was accordingly made to the commissioner to correct that decision, and after full hearing the correction was properly made. Detailed description of those proceedings need not be given, as they disclose nothing out of the usual course.

On surrendering the original patent the same was re-issued on an amended specification and claim, not differing in legal effect from the original application. In conformity to those proceedings the re-issue was granted April 25, 1865, and the supreme court has decided that it was rightfully granted, and that the patent is valid. Material change was made in the specification and claim, by omitting all those limitations which the inventors had been compelled to insert in consequence of the erroneous decision of the commissioner; and restoring it to the original description, so as to include the actual invention as substantially described in the original application and accompanying specification. Amendment was also allowed in the claim, so that it reads as follows: "What is claimed as the invention of Charles H. and Herman E. Davidson, is a syringe having an elastic bulb, or chamber, flexible tubes and a suitable valvular arrangement, when organized, so as to operate substantially as described." Objection was made, in the case before cited, to the alterations made in the specification and claim of the re-issued patent; but the supreme court held that it was the duty of the commissioner, under the circumstances, upon being satisfied of his mistake, to allow the amendments and to grant the re-issue, that where the amended specification and new claim only secure to the patentee the same invention that he had originally described, as in this case, the re-issue is valid. Had the supreme court stopped there, the case before the court here might present some matters for further litigation; but they went much further, and held that the Davidsons were the original and first inventors of the syringe described in the re-issued patent, owned by the respondent, and that the Richardson syringe is an infringement of the Davidson invention as described and claimed in the amended specification.

Much consideration would be due to the argument of the complainant, that the decree in the case of Lockwood v. Morey [unreported], does not cover the present case, if the decree of the circuit court had not since been affirmed by the supreme court. [Morey v. Lockwood, 8 Wall. (75 U. S.) 230.] Affirmed as it is by the supreme court, it becomes an authority in the pending case, unless the two cases can be distinguished, which in our

view is impossible, as the supreme court have expressly decided that the complainant's patent infringes that of the respondent, and a comparison of the claims of the respective patents will show that it would be very difficult to reach any other conclusion. What we claim, say the patentees, of complainant's patent is our improved manufacture of elastic bulb enema syringes as made by combining an elastic bulb, two long flexible induction and eduction pipes, and two separate valve chambers, with a threefold separate connector for connecting the elastic bulb and flexible pipes. Some weight would certainly be due to the suggestion that the "threefold separate connector" is an improvement upon the invention held by the respondent, if the supreme court had not decided otherwise; but that court has decided, in the case referred to, that 'the defendants in that case had constructed a syringe of the same parts and materials as that described and used in the patent owned by the present respondent who was the complainant in that case. The present complainant was not the sole respondent in that suit, and the respondent here was the complainant in that litigation; but the questions as to the title, validity, and novelty of the patents were fully in issue in that case, and the same questions were heard and decided, and the same remarks may be made as to the issue of infringement, except that the question presented in the pleadings and decided by the court was the converse of the question now before the court. Where the adjudication is upon the same title, a former judgment, if regularly pleaded, is often a bar to the second suit, though some of the parties may be different; but it is not necessary to rest the decision upon that ground, as the decisions of the supreme court are authority in this court, even though none of the parties are the same as in the prior determination. Aurora City v. West, 7 Wall. [74 U. S.] 87; Outram v. Morewood, 3 East, 346.

Considering all this, still the complainant insists that the two cases are distinguishable in the facts exhibited in the record. Some additional evidence undoubtedly is exhibited in this record; but it is not of a character to affect the legal rights of the parties. Bill of complaint dismissed with costs.